DLD-298                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2292
_____

JERALD MCCULLOUGH,
                                                                Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00050)
District Judge:  Honorable Kim R. Gibson

_____

Submitted on Motions to Reopen and to Proceed In Forma Pauperis, and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: October 17, 2012)
_____

OPINION
_____

PER CURIAM

        Jerald McCullough filed a notice of appeal from an order of the United States

District Court for the Western District of Pennsylvania, which dismissed his petition for a

writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.  The Clerk of this Court

advised McCullough that the matter would be submitted to a panel of this Court for possible summary action. However, the appeal was then dismissed because McCullough had failed to pay the filing fee or file a motion to proceed in forma pauperis ("IFP"). McCullough has filed a motion to reopen, in which he also makes argument in support of his appeal, and a motion to proceed IFP. We will grant the motions, but will summarily affirm the District Court's judgment.[1]

McCullough pleaded guilty to possessing with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). United States v. McCullough, W.D. Pa. Crim. No. 07-cr-00027, dkt. #38. As part of the plea, McCullough waived the right to file a direct appeal, and the right to file collateral proceedings, with certain exceptions. McCullough did not appeal, but he did file a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court found that the motion (raising a claim that the government breached the plea agreement) was permissible, and denied it on the merits. McCullough did not appeal that determination. McCullough then filed the § 2241 petition at issue here.

In his § 2241 petition, McCullough sought to have his conviction vacated, alleging that the Government did not serve him, as required by 21 U.S.C. § 851(a)(1), with notice

_____

[1] Because McCullough filed a motion to reopen the appeal within ten days from the date of dismissal, and showed good cause for failing to timely address the fee issue, we will grant his motion to reopen the appeal. Third Circuit LAR Misc. 107.2(a). We also find that McCullough is financially eligible to proceed IFP, and we grant that motion as well.

that it would seek to enhance his sentence because of a prior conviction.  The Magistrate Judge assigned to the case recommended dismissing the petition, because McCullough's challenge did not fall into any exception to his plea agreement's waiver provisions.  The Magistrate Judge also noted that even if McCullough had not waived the right to file a collateral petition, there was no merit to his claim, as Rule 5(b)(2)(E) and (F) of the Federal Rules of Civil Procedure,[2] and Rule 49(c) of the Western District's local rules of criminal procedure, provide that filing through the Court's electronic case filing/case management system constitutes service to parties who are registered users, and McCullough's trial attorneys were registered users.  The Magistrate Judge further stated that McCullough's § 2241 petition was barred as an unauthorized second or successive habeas petition.  The District Court adopted the Report and Recommendation as its opinion, and dismissed the § 2241 petition without prejudice to McCullough applying to this Court for authorization to file a second or successive § 2255 motion.

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51.  A section 2255 motion is not

---

[2] The Magistrate Judge noted that Rule 49 of the Federal Rules of Criminal Procedure refers the reader to the Civil Rules for rules on service of process.

"inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

McCullough's situation is not the rare one rendering section 2255 inadequate or ineffective. McCullough has not been convicted of an offense that was later found to be non-criminal. That McCullough has already unsuccessfully pursued a section 2255 motion in the sentencing court, and now faces a statutory bar to filing another one, does not show the inadequacy of that remedy.

We have considered the record and McCullough's arguments in his motion to reopen. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.